UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| IN RE: SHERI SPEER | : | CASE NO. 3:15-cv-1437 (RNC) |

ORDER

Bankruptcy debtor Sheri Speer, proceeding pro se, seeks review of a bankruptcy court order granting a motion by the Chapter 7 Trustee, Thomas Boscarino, to approve a compromise and settlement of claims between the estate and McCarthy Burgess and Wolff, a law firm ("McCarthy Burgess"). The issue on appeal is whether the Bankruptcy Court abused its discretion in approving the proposed compromise. See In re 47-49 Charles St., Inc., 209 B.R. 618, 620 (S.D.N.Y. 1997) ("A bankruptcy court's decision to approve a settlement should not be overturned unless it is manifestly erroneous and a clear abuse of discretion."). I assume the parties' familiarity with the underlying facts and procedural history of this case, which I reference only as necessary to explain my decision.

Ms. Speer argues that the Bankruptcy Court's findings of fact and conclusions of law are insufficient. In addition, she contends that Mr. Boscarino is not disinterested, which should have raised a "red flag" regarding the propriety of this compromise. I find both contentions to be without merit.

To determine whether a settlement under Federal Rule of

Bankruptcy Procedure 9019 is reasonable, courts consider a number of factors. In re Iridium Operating LLC, 478 F.3d 452, 462 (2d Cir. 2007). These include "(1) the balance between the litigation's possibility of success and the settlement's future benefits; (2) the likelihood of complex and protracted litigation, 'with its attendant expense, inconvenience, and delay,' including the difficulty in collecting on the judgment; (3) 'the paramount interests of the creditors,' including each affected class's relative benefits 'and the degree to which creditors either do not object to or affirmatively support the proposed settlement'; (4) whether other parties in interest support the settlement; (5) the 'competency and experience of counsel' supporting, and '[t]he experience and knowledge of the bankruptcy court judge' reviewing, the settlement; (6) 'the nature and breadth of releases to be obtained by officers and directors'; and (7) 'the extent to which the settlement is the product of arm's length bargaining.'" Id. (quoting In re WorldCom, Inc., 347 B.R. 123, 137 (Bankr. S.D.N.Y. 2006)). "In weighing these factors, a bankruptcy court need not decide the numerous questions of law and fact raised by the settlement, rather, it need only 'canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness.'" In re Strawbridge, No. 11 Civ. 6759(PAE), 2012 WL 701031, at *6 (S.D.N.Y. Mar. 6, 2012) (quoting Guippone v. BH

2

S & B Holdings, LLC, No. 09 Civ. 01029(CM), 2011 WL 5148650, at *5 (S.D.N.Y. Oct. 28, 2011)); see also In re WorldCom, 347 B.R. at 137 ("It is not necessary for the bankruptcy court to conduct a 'mini trial' on the issue.").

Here, the Bankruptcy Court conducted a hearing regarding the proposed settlement at which Mr. Boscarino and counsel for McCarthy Burgess presented their views. Mr. Boscarino stated that he had reviewed the pleadings and other filings in Ms. Speer's case against McCarthy Burgess in Connecticut Superior Court, described the nature of the case, and stated that a non-suit had been granted in favor of McCarthy Burgess. Mr. Boscarino stated that Ms. Speer had not provided him with any evidence to support the claim in the underlying suit and that he was not otherwise aware of any such evidence. Mr. Boscarino then described the nature of the compromise: In exchange for a release by the estate of any claim against McCarthy Burgess, the firm would (1) pay the estate $1,750 in cash, (2) withdraw a proof of claim in the amount of $391.45, and (3) waive any other claims it had against the estate. Mr. Boscarino acknowledged that Ms. Speer had filed an offer of compromise in Connecticut Superior Court valuing her claims at $3,700 but stated that he believed this settlement was in the best interest of the estate's creditors. Counsel for McCarthy Burgess also spoke briefly, stating that he viewed the settlement as more than fair given the

3

Superior Court's entry of a non-suit in his client's favor.  Ms. Speer did not attend the hearing or otherwise provide any reason for the Bankruptcy Court to discount the statements made during the hearing.[1]  After considering all of the information presented, the Bankruptcy Court approved the compromise.

The Bankruptcy Court did not explicitly weigh the various factors set out in In re Iridium Operating.  But the information presented to the Court provided sufficient grounds to approve the compromise in accordance with the relevant factors.  Ms. Speer has provided no basis on which to conclude that the Bankruptcy Court abused its discretion in approving the compromise.

Accordingly, the decision of the Bankruptcy Court is affirmed.  The Clerk is directed to close this appeal.


So ordered this 29th day of January, 2018.

				/s/ RNC
			Robert N. Chatigny
			United States District Judge

---

[1] Ms. Speer argues that the Bankruptcy Court should have been particularly vigilant because Mr. Boscarino is not disinterested.  However, aside from Ms. Speer's speculation, the Bankruptcy Court was presented with no evidence that Mr. Boscarino had a conflict of interest or was otherwise incapable of performing his duties in a disinterested manner.